IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CYNTHIA D. GOLDEN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | CIVIL ACTION NO. |
| : | 2:11-CV-0067-RWS |
| GEORGIA DEPARTMENT OF   : | |
| CORRECTIONS, : | |
| : | |
| Defendant. : | |

**ORDER**

This case comes before the Court for the purpose of a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). After reviewing the record, the Court enters the following order.

Plaintiff's Request to Proceed *In Forma Pauperis* [1] was granted on March 15, 2011. (Dkt. [4]). Plaintiff's Complaint [5] was submitted to this Court for a frivolity review. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the

complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d. 338 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Plaintiff's Complaint seeks to assert an ADA[1] claim for discrimination in employment on the basis of Plaintiff's disability. Plaintiff alleges that her employer, the Georgia Department of Corrections ("GDOC"), forced her to take leave pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and use her accumulated vacation time in so doing. Plaintiff's claims for monetary damages under both Title I and Title II of the ADA are barred. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001) (holding that Eleventh Amendment bars claims against states for money damages under Title I of the ADA); Clifton v. Ga. Merit Sys., 478 F. Supp. 2d 1356, 1368 (holding that Congress failed to validly abrogate state sovereign immunity with regard to

---

[1] Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiffs Complaint [5] is submitted on the *pro se* complaint form for Title VII claims [Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*], but Title VII does not prohibit discrimination on the basis of disability. 42 U.S.C. § 2000e-2(a). Because the Court typically construes the complaint of a *pro se* litigant liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11thCir. 1998), the Court will view Plaintiff's Complaint as asserting claims pursuant to Title I and II of the ADA.

2

employment discrimination actions under Title II of the ADA).  Therefore, Plaintiff's claims under the ADA for monetary damages are frivolous and are **DISMISSED**.  It is not clear whether Plaintiff's Complaint [5] seeks injunctive relief or what specific relief she seeks.  (Dkt. [5] at 6).  Therefore, Plaintiff is **DIRECTED** to file an amended Complaint with the Court no later than 30 days from the date of this Order, specifying whether she is seeking injunctive relief, and if so, what specific relief she seeks.  Plaintiff's amended complaint shall not assert any claims for money damages, as such claims are barred and are thus frivolous.  If Plaintiff fails to file an amended complaint within 30 days of this Order, the case shall be dismissed.

     **SO ORDERED**, this  3rd  day of May, 2011.


                    **RICHARD W. STORY**
                    United States District Judge